IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| DEANNA MURRAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DYNAMIC RECOVERY SOLUTIONS, )<br>LLC, )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION<br>FILE NO._____ |

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this State and this district, where Plaintiff resides in this State and this district, and/or where Defendant transacts business in this State and this district.

1

## PARTIES

4. Plaintiff, DeAnna Murray ("Plaintiff"), is a natural person who at all relevant times resided in the State of Georgia, County of Effingham, and City of Guyton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Dynamic Recovery Solutions, LLC ("Defendant"), is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff's cellular telephone number on August 7, 2012 at 10:45 A.M., and at such time, left the following voicemail message:

> Yeah this is Mr. Scobble we have this as a contact number regarding a matter in our office. If you would please contact this number as soon as possible. It is extremely important. Our number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation.

12. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff's cellular telephone number on August 13, 2012 at 12:25 P.M., and at such time, left the following voicemail message:

> Yes this is Ms. Mitchell uh we have this as a contact number regarding a matter in our office. If you would please contact this office as soon as possible it's extremely important. Our phone number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation.

13. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff's cellular telephone number on August 16, 2012 at 12:09 P.M., and at such time, left the following voicemail message:

> Yes this is Ms. Mitchell uh we have this as a contact number regarding a matter in our office. If you would please contact this

> office as soon as possible it's extremely important. Our phone number here is 888-362-2684. Again our number is 888-362-2684. It is very important that we receive a return call as soon as possible. I appreciate your cooperation.

14. In its August 7, 2012, August 13, 2012, and August 16, 2012 voicemail messages, Defendant failed to notify Plaintiff that the communication was from a debt collector, and failed to disclose its true corporate or business name.

15. In failing to disclose that the communication was from a debt collector, and in failing to disclose its true corporate or business name in its August 7, 2012, August 13, 2012, and August 16, 2012 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

16. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff's cellular telephone number on August 30, 2012 at 11:49 A.M., and at such time, left the following voicemail message:

> Yes this is Mr. Tyson uh we have this as a contact number regarding a matter in our office uh if you would please contact our office as soon as possible this is very important. Our number here is 1-888-402-0790. Again that is 888-402-0790. I must require to inform you that this is an attempt to collect a debt any information obtained will be used for that purpose.

17. In connection with the collection of an alleged debt, Defendant placed a call to Plaintiff's cellular telephone number on September 11, 2012 at 2:15 P.M.,

4

and at such time, left the following voicemail message:

> Yes this is Mr. Tyson um we have this as a contact number regarding a matter in our office uh if you would please contact our office as soon as possible this is very important. Our number here is 1-888-402-0790. Again that is 888-402-0790. I must require to inform you that this is an attempt to collect a debt any information obtained will be used for that purpose.

18.   In its August 30, 2012 and September 11, 2012 voicemail messages, Defendant failed to disclose its true corporate or business name.

19.   In failing to disclose its true corporate or business name in its August 30, 2012 and September 11, 2012 voicemail messages, Defendant failed to meaningfully disclose its identity to Plaintiff.

20.   In its voicemail messages referenced above, Defendant conveyed a false sense of urgency to Plaintiff.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

21.   Plaintiff repeats and re-alleges each and every factual allegation contained above.

22.   Defendant violated 15 U.S.C. § 1692d(6) by placing telephone calls without meaningfully disclosing the caller's identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(6);

5

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

23. Plaintiff repeats and re-alleges each and every factual allegation contained above.

24. Defendant violated 15 U.S.C. § 1692e(10) by using false representations or deceptive practices in connection with the collection of an alleged debt, including, but not limited to: conveying a false sense of urgency to Plaintiff in its voicemail messages.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(11)

25. Plaintiff repeats and re-alleges each and every factual allegation contained above.

26. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby demands a trial by jury.

This 29th March, 2013.

        ATTORNEYS FOR PLAINTIFF
        DeAnna Murray

        Respectfully submitted,

        /s/Craig J. Ehrlich
        Craig J. Ehrlich
        Georgia Bar No. 242240
        WEISBERG & MEYERS, LLC
        5025 N. Central Ave. #602
        Phoenix, AZ 85012
        (888) 595-9111 ext. 250
        (866) 842-3303 (fax)
        cehrlich@attorneysforconsumers.com